# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH O'SHAUGHNESSY, | ) | |
| MICHAEL O'SHAUGHNESSY, and | ) | |
| RANDALL L. HENSLEY, Individually | ) | |
| and on Behalf of Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-0947-DGK |
| | ) | |
| CYPRESS MEDIA, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR REMAND

This putative class-action lawsuit alleges that Defendant Cypress Media, L.L.C. ("Cypress"), a publisher of three newspapers in three different states, unlawfully double billed some of its subscribers in the period between when their original subscription ended and a renewed subscription began. This lawsuit was originally filed in the Circuit Court of Jackson County, Missouri, and then removed to federal court based on the Court's diversity jurisdiction and Class Action Fairness Act ("CAFA") jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Now before the Court is Plaintiffs' Motion to Remand (Doc. 7). Plaintiffs contend: (1) traditional diversity jurisdiction does not exist because the parties are not citizens of different states and that the amount in controversy of any one named Plaintiff does not exceed $75,000; and (2) CAFA jurisdiction does not exist because the parties are not minimally diverse and the total amount in dispute does not exceed $5,000,000. Even if CAFA jurisdiction does exist, Plaintiffs argue, the Court should decline to hear the dispute under CAFA's "local-controversy" exception, 28 U.S.C. § 1332(d)(3).

Finding that traditional diversity jurisdiction does not exist, but Defendant has carried its burden of establishing CAFA jurisdiction to hear this case, the motion is DENIED.

**Standard**

The statute governing removal provides in relevant part that "[a]ny civil action brought in a State court . . . may be removed by the defendant or the defendants" if the federal court has original jurisdiction over it. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). All doubts about removal are resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

To establish diversity jurisdiction, the removing party must show that the named parties are citizens of different states and the amount in controversy for one of the named plaintiffs exceeds $75,000. 28 U.S.C. § 1332(a). To establish CAFA jurisdiction, the removing party must show that the aggregate amount in controversy in the class action exceeds $5,000,000 and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld v. Indep. Processing LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)). Once the party seeking removal initially establishes CAFA jurisdiction, the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies. *Id.*

One of these exceptions is relevant here. Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class action in which: (1) more than two-thirds of the class members are citizens of the state in which the action was originally filed; (2) at least one defendant from whom significant relief is sought and whose conduct forms a

significant basis for the class members' claims is a citizens of the state in which the class action was originally filed; (3) the principal injuries were incurred in the state in which the action was filed; and (4) no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action. 28 U.S.C. § 1332(d)(4)(A); *Westerfeld*, 621 F.3d at 822.

## Background

Name Plaintiffs Elizabeth O'Shaughnessy, Michael O'Shaughnessy, and Randall Hensley originally filed this putative class action lawsuit on April 16, 2013, in the Circuit Court of Jackson County, Missouri against the McClatchy Company, the sole shareholder of Cypress Media, Inc. On or about May 16, 2013, the McClatchy Company removed the lawsuit to this Court, asserting jurisdiction under CAFA and traditional diversity jurisdiction. After the Court denied Plaintiffs' motion for remand on July 17, 2013, Plaintiffs voluntarily dismissed their lawsuit, without prejudice.

On July 26, 2013, Plaintiffs filed the present lawsuit in the Circuit Court of Jackson County, Missouri, naming Cypress Media, L.L.C. ("Cypress") as the Defendant.[1] The Petition alleges Cypress unlawfully double billed some of its subscribers in the period between when their original subscription ended and a renewal subscription began. The Petition seeks compensatory damages for breach of contract (Count I), breach of implied duty of good faith and fair dealing (Count II), violation of the Missouri Merchandising Practices Act ("MMPA") (Count III), and a claim for money had and received (Count IV).

Cypress owns and operates three newspapers, the *Kansas City Star*, the *Fort Worth Star-Telegram*, and the *Belleville News-Democrat*, with circulation in at least four states, Kansas, Missouri, Texas, and Illinois. From August 1, 2008, to August 1, 2013 there were approximately

---

[1] The Court discusses this finding in detail in section II.B. below.

363,561 home delivery subscribers to the *Kansas City Star*. Of these, 201,122 were Missouri residents, 161,814 were Kansas residents, and 625 were residents of other states. During this same period, there were 314,358 home delivery subscribers to the *Fort Worth Star-Telegram* and 85,394 home delivery subscribers to the *Belleville News-Democrat.* All of the former were Texas residents, and all of the latter were Illinois residents. The total number of home delivery subscribers to these three newspapers during this time period was 763,313.

Cypress is incorporated in Delaware and maintains a corporate office in Sacramento, California, where it oversees the operation of its three newspapers and where managerial and administrative decisions affecting Cypress' operations are made.

## Discussion

### I.     Defendant has not established traditional diversity jurisdiction.

Turning first to the question of diversity jurisdiction, the Court finds Defendant has not met its burden of demonstrating that the amount in dispute between any named Plaintiff and Defendant exceeds $75,000.

If the amount in dispute is questioned, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Missouri ex. rel. Pemiscot Cnty. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). The removing party "must present specific facts or evidence demonstrating that the amount in controversy requirement has been met." *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at \*2 (W.D. Mo. Sept. 26, 2005). The removing party need not prove that "the damages *are* greater than the requisite amount," but that "the claims . . . could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citations omitted, emphasis in original). Punitive damages may be counted towards this amount,

*Bell v. Preferred Life Assurance Soc'y of Montgomery*, 320 U.S. 238, 240 (1943), but only when supported by competent proof. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007). When punitive damages are used to determine the amount in dispute, the trial judge has greater discretion to scrutinize a claim for punitive damages than a claim for compensatory damages. *Id.* Also, attorneys' fees authorized by a state statute are included in the calculation. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

The maximum that could be in dispute in this case is approximately $20,000, well short of the jurisdictional threshold. Plaintiffs suggest, and Defendant does not dispute, that compensatory damages are approximately $9.24 per plaintiff for wrongful subscription charges. With respect to punitive damages, the Court notes that any award that exceeds a single-digit ratio between punitive and compensatory damages presumptively violates a defendant's due process rights, unless the act being punished is particularly egregious and has resulted in only a small amount of economic damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003). While the compensatory damages here are tiny, Defendant's alleged actions are not so egregious that the Court would consider awarding punitive damages at a ratio exceeding one 100 to 1, thus $924 would be the upper-limit for any punitive damage award. Additionally, while the Court may award attorneys' fees to a successful plaintiff under the Missouri Merchandising Practices Act, any award would have to be "based on the amount of time *reasonably* expended." Mo. Rev. Stat. § 407.025.1 (emphasis added). Given that this is not a complex case, one that will require an inordinate amount of discovery, or one that will be particularly difficult to try, the Court cannot conceive awarding Plaintiff's counsel more than $20,000 in attorneys' fees for a single named Plaintiff's claim.[2] Such an award would be more

---

[2] This assumes the case is not certified as a class action. If this case were certified as a class action, the amount of attorneys' fees per plaintiff would be considerably lower, since the attorneys' fees at stake would be divided

than twenty times the amount of the underlying dispute and would border on being a patently unreasonable award. *See, e.g., Travelers Ins. Co. v. Greenfield*, 154 F.2d 950, 952 (5th Cir. 1946) (holding that where the amount in controversy was only $515.35, "an attorney's fee of approximately $2,500 would have been grossly unreasonable and highly colorable.") Thus the outer-limits of an individual named Plaintiff's total damages in this case is $20,933.24,[3] an amount that does not meet the jurisdictional threshold.

Accordingly, the Court lacks jurisdiction to hear this case pursuant to its diversity jurisdiction.

## II.     Defendant has established CAFA jurisdiction.

On the other hand, Defendant has established CAFA jurisdiction. Again, to establish CAFA jurisdiction, the removing party must show that the aggregate amount in controversy in the class action exceeds $5 million and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld*, 621 F.3d at 822.

### A.  The aggregate amount in dispute exceeds $5 million.

With respect to the amount in dispute, there are approximately 763,313 potential class members who are, or were, subscribers to one of the three Cypress-owned newspapers. Assuming compensatory damages of $9.24 per class member, the compensatory damages in dispute alone exceed $7 million, not including punitive damages or attorneys' fees. Thus, the amount in dispute easily exceeds the $5 million threshold.

The Court finds no merit to the suggestion that the potential class is limited to the 363,561 subscribers to the *Kansas City Star* because the Petition named "Cypress Media,

---

between the members of the class to determine the amount in controversy. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

[3] $9.24 (compensatory damages) plus $924 (punitive damages) plus $20,000 (attorneys' fees) equals $20,933.24.

L.L.C. d/b/a *The Kansas Star*" as the Defendant.  As a threshold matter, the "Parties" section of

the Petition names the Defendant as "Cypress Media, L.L.C," not "Cypress Media, L.L.C. d/b/a

*The Kansas Star.*"  Even if the Petition had named "Cypress Media, L.L.C. d/b/a *The Kansas

Star*" as the Defendant, it would have had no effect, because use of a d/b/a designation "does not

create a separate business entity" that can be sued.  *Cf. Edgley v. Lappe*, 342 F.3d 884, 889 (8th

Cir. 2003) (applying Minnesota law and noting that the majority of states that have considered

the issue have held that using a separate d/b/a does not create a separate entity that is amenable to

suit); Mo. Rev. Stat. § 417.200 (outlawing use of a fictitious name without first registering the

name with the Secretary of State).  Additionally, although Plaintiffs could have limited the

proposed class definition to *Kansas City Star* subscribers, they chose to define the proposed class

as "subscription customers of Defendant, *wherever they may be*, who have entered into or were a

party to a Standard Agreement, as defined herein, *or other materially similar agreement . . .* with

Defendant for Newspaper Services, as defined herein . . ."  Pet. at ¶ 21 (emphasis added).  Also,

the Petition defines the terms "Standard Agreement" and "Newspaper Services" sufficiently

broadly to sweep-up subscribers to any of Defendant's three newspapers.  Finally, the Court

notes that Plaintiffs have pursued discovery from all three newspapers Cypress owns, which

suggests Plaintiffs did not intend to limit their claims to subscribers of the *Kansas City Star*.

Doc. 31 at ¶ 4 (Joint Motion to Amend the Scheduling Order reporting that Cypress is in the

process of "producing documents from each of its three subsidiary newspapers.")

### B.  The parties are minimally diverse.

Minimal diversity is also satisfied.  For purposes of determining diversity jurisdiction

under CAFA, a limited liability company ("LLC") such as Cypress is considered to be a citizen

of the state under whose laws it is organized and of the state in which it has its principal place of

business.  *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010), *followed by Heckemeyer v. NRT Mo., LLC*, No. 4:12cv01532, 2013 WL2250429, at *6 (E.D. Mo. May 22, 2013).  While the parties agree Cypress is organized under Delaware law, they hotly dispute where its principal place of business lies.

Because "Congress chose to treat LLC's like corporations for purposes of determining citizenship under CAFA," *id*., the Court looks at how a corporation's principle place of business is determined to resolve this question.  Under the "nerve center" approach, which both parties agree is the appropriate approach, the corporation's principal place of business is a single place where the corporation's high-level officers "direct, control, and coordinate" the company's operations.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  Cypress' officers oversee the publishing of its three newspapers from Cypress' offices in Sacramento, California.  Although Plaintiff notes that the nerve center for publishing the *Kansas City Star* is in Kansas City, Missouri, the *Kansas City Star* is only one of the three newspapers Cypress publishes, and nothing in the record suggests Cypress directs, controls, or manages these papers from Kansas City.  On the contrary, the preponderance of the evidence indicates that Cypress' nerve center is in Sacramento, California.

Consequently, the Court holds Cypress is a citizen of Delaware and California.  Since the proposed class consists of individuals from Missouri, Kansas, Texas, and Illinois, there is at least one class member who is not a citizen of Delaware or California, and so there is minimal diversity here.

### C. The class consists of at least 100 members.

The third requirement to trigger CAFA jurisdiction is that the proposed class consist of at least 100 members. The putative class of approximately 763,313 is considerably more than 100 and so sufficiently numerous.

### D. The local-controversy exception to CAFA jurisdiction does not apply.

Because Cypress has initially established that the Court has CAFA jurisdiction, the burden shifts to Plaintiffs to establish that one of CAFA's statutory jurisdictional exceptions applies. Plaintiffs attempt to invoke the local-controversy exception, but cannot establish that it applies here because two of its four requirements are not met. First, more than two-thirds of the proposed class members are not citizens of the state in which the action was originally filed, that is, Missouri. Only 201,122, or 26%, of the proposed class are Missouri citizens; the remainder are citizens of Kansas, Texas, Illinois, or other states. Second, there is no defendant from whom significant relief is sought and whose conduct forms a significant basis for the class members' claims who is a citizen of the state in which the class action was originally filed, Missouri. Cypress is the only Defendant in this case and, as discussed above, it is not a Missouri citizen. Thus, two of the requirements for the local-controversy exception are not satisfied.

### Conclusion

For the reasons discussed above, the Court holds it has original jurisdiction to hear this case pursuant to its CAFA jurisdiction. Accordingly, Plaintiffs' motion to remand (Doc. 7) is DENIED.

**IT IS SO ORDERED.**

Date: __May 6, 2014__        ___/s/ Greg Kays_____
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT