IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH O'SHAUGHNESSY, MICHAEL O'SHAUGHNESSY, and RANDALL L. HENSLEY, Individually and on Behalf of Others Similarly Situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No. 4:13-cv-0947-DGK ) |
| CYPRESS MEDIA, LLC, | ) ) |
| Defendant. | ) |

## ORDER REGARDING THIRD DISCOVERY DISPUTE

This putative class-action lawsuit alleges that Defendant Cypress Media, LLC, unlawfully double-billed some of its subscribers in the period between when their original subscription period ended and a renewal period began.

Now before the Court is the parties' third discovery dispute which concerns Defendant's objections to seventeen[1] interrogatories and requests for production ("RFP), as well as the parties' inability to agree on deposition dates. After reviewing the memos submitted by the parties, the Court finds a teleconference is not necessary to resolve this dispute.

With respect to the interrogatories and RFPs, the Court rules as follows

1. **Interrogatories 5-7, 17-20.** These interrogatories seek, at least in part, information identifying hundreds or thousands of putative class members by their names, last known addresses, and/or telephone numbers. The Court finds that the identity of these persons is not currently relevant to the claims in this case. While this information will be relevant for purposes of class notification if the Court certifies one or more classes, the Court has not ruled on the

---

[1] Plaintiffs cite an eighteenth—RFP number 17—as also being in dispute. Defendant, however, answered this RFP without making an objection, and so the Court concludes it is no longer in dispute.

motion for class certification. Accordingly, Defendant's objections are sustained in their entirety with respect to interrogatories 5-7, 17-18.

With respect to interrogatories 19-20, the objections are sustained in part. Defendant does not need to provide information related to subparts (a)-(c) of these interrogatories, which seek individual subscribers' names, addresses, and telephone numbers. With respect to subpart (d), which seeks to discover the amount charged each subscriber, Defendant should answer this interrogatory by providing aggregate data identifying: (1) the total number of home delivery subscribers who were charged any amounts for "Special Editions," "Premium Editions," or similar editions of the *Belleville News-Democrat*; and (2) the total amount charged these subscribers.

2. **RFP 20-23.** Similar to the interrogatories above, these RFPs seek information identifying large numbers of potential class numbers by name. Defendant's objection to these interrogatories is sustained for the reasons discussed above.

3. **Interrogatories 15-16.** These interrogatories seek to discover the total amount of money Defendant received from the billing practice(s) at issue in this lawsuit. Defendant objects, arguing this material is not relevant because there has been no class certification. The Court holds this information is relevant because it goes to the damages element of Plaintiffs' claims.

Defendant also argues that interrogatory 15 is misleading because it uses the term "Subscription Billing Practice," a term Defendant contends is based on a faulty assumption, namely, that its subscriptions are for a term or set period of time. Plaintiffs argue this position contradicts the deposition testimony of several of Defendant's own witnesses as well as the plain language of Defendant's subscription forms. After reviewing deposition transcripts and

2

subscription forms provided by the parties, the Court holds Defendant's position is meritless.[2] The information Plaintiffs seeks is relevant and discoverable.

Accordingly, Defendant's objections to these interrogatories is overruled.

4.  **RFP 14.**  Similar to the above, Defendant argues this RFP is based on a false premise concerning how its subscriptions operate.  For the reason discussed above, Defendant's objection is overruled.

5.  **RFP 28-29.**  These RFPs seek documents related to Defendant's financial condition, such as income and expense statements, accounting statements, and tax returns.  While these requests might be relevant to a request for punitive damages, Plaintiffs are not seeking punitive damages.  Consequently, this information is unrelated to the merits of Plaintiffs' claims and is not likely to lead to the discovery of admissible evidence.  *Morrison Enter's., LLC v. Dravo Corp.*, No. 4:08cv3142, 2009 WL 2462215, at *3 (D. Neb. Aug. 10, 2009).

Defendant's objection to RFPs 28 and 29 is sustained.

6.  **RFP 19.**  This RFP requests all documents related to the total amount Defendant charged 363,561 Kansas City Star subscribers from August 1, 2008, to August 1, 2013.  Defendant objects, arguing the only responsive documents it could produce are hundreds of thousands of individual account records and renewal notice sent to subscribers.  Defendant contends these documents are of little relevance to the merits of Plaintiffs' claims and that producing them would be unduly burdensome.

The Court finds these documents are relevant, but balancing the cost of production against their relevance and likely benefit to Plaintiffs under Fed. R. Civ. P. 26(b)(2)(C),

---

[2] Defendant also suggests this issue is not ripe for the Court to address because the parties have not discussed this objection.  Although the Court would typically refer such an issue back to the parties for further discussion, given that the discovery deadline is rapidly approaching and Defendant's position is meritless, the Court has elected to rule on the objection.

production of them at this time would be unduly burdensome, particularly since Defendant's response to Interrogatory 16 should provide essentially the same information. For these reasons, Defendant's objection is sustained.

If, however, after reviewing Defendant's response to Interrogatory 16, Plaintiffs believe the likely benefit of these records outweighs their cost of production, Plaintiffs may renew their request for Defendant to produce these records. Plaintiffs may renew their request by filing a separate, non-Rule 37.1 motion with the Court.

Turning to the disputed deposition dates, the Court notes that the parties have made some progress scheduling these depositions, but they cannot schedule them all before the close of discovery. Since it appears that all of the depositions can be scheduled if the Court extends the discovery deadline to December 19, 2014, the Court will do so. Accordingly, on its own motion, the Court amends the scheduling order and extends the discovery deadline to December 19, 2014.

To ensure that these depositions are taken before the close of discovery, the Court further orders the parties to file a joint status report detailing the date, time, and location of the remaining depositions. This status report shall be filed on or before December 9, 2014.

**IT IS SO ORDERED.**

Date:   December 2, 2014               /s/ Greg Kays
                                       GREG KAYS, CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT