**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH O'SHAUGHNESSY, | ) | |
| MICHAEL O'SHAUGHNESSY, and | ) | |
| RANDALL L. HENSLEY, Individually | ) | |
| and on Behalf of Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-0947-DGK |
| | ) | |
| CYPRESS MEDIA, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO REMAND

This putative class-action lawsuit alleges that Defendant Cypress Media, L.L.C. ("Cypress"), a newspaper publisher, unlawfully "double-billed" some of its subscribers. The lawsuit was originally filed in the Circuit Court of Jackson County, Missouri, and then removed to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332. On May 6, 2014, the Court denied Plaintiff's motion for remand, finding Defendant had established CAFA jurisdiction. On July 13, 2015, the Court denied class certification. Now before the Court is Plaintiffs' renewed Motion to Remand (Doc. 123).

Plaintiffs contend that since the Court denied class certification, it no longer possesses subject matter jurisdiction under CAFA, and this case should be remanded back to state court. Defendant opposes remand, arguing the Eighth Circuit held in *Buetow v. A.L.S. Enterprises, Inc.* that once CAFA jurisdiction is established, it is not affected by a subsequent denial of class certification. 650 F.3d 1178, 1182 n.2 (8th Cir. 2011).

In reply, Plaintiffs argue that the Eighth Circuit has not specifically ruled on this issue. They contend the *Buetow* decision is irrelevant because the issue was barely merely mentioned in

a footnote, and in that case, the plaintiffs pleaded federal jurisdiction based on CAFA. Reply Br. (Doc. 126) at 1-2.[1]

The Court holds *Buetow* is controlling. A sentence in *Buetow* explains the procedural backdrop of the case, and at the end of that sentence is a footnote. 650 F.3d at 1182. The footnote states, "Federal jurisdiction in this case is based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d). That jurisdiction continued despite the district court's denial of Plaintiffs' motion for class certification." *Id.* at n.2 (citing *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010) (Posner, J.) (reversing district court's order of remand and joining other circuits in holding that once CAFA jurisdiction is properly invoked, it is not lost by a subsequent denial of class certification). The unequivocal language in the footnote combined with the citation to *Cunningham* convinces the Court that the footnote is a holding and not merely dicta. *See Littleton v. State Farm Mut. Auto. Ins. Co.*, No. 5:15-CV-5007, 2015 WL 128577, at *9 (W.D. Ark. Jan 8, 2015) ("The Eighth Circuit has definitely ruled that CAFA jurisdiction 'continue[s] despite the district court's denial of Plaintiffs' motion for class certification.'") (citing and quoting the *Buetow* footnote). And since it is a holding of the Eighth Circuit Court of Appeals, it is binding on this Court.

Because the Court previously found CAFA jurisdiction here, that jurisdiction endures notwithstanding the denial of class certification. Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date:   December 22, 2015        /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT

---

[1] Plaintiffs further contend, "This case was hijacked from state court, where it rightfully belongs. CAFA jurisdiction was never pleaded by Plaintiffs and never existed in this case." Reply Br. at 2. Plaintiffs overlook the Court's previous order (Doc. 33) finding CAFA jurisdiction does, in fact, exist.

2