IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH O'SHAUGHNESSY, | ) | |
| MICHAEL O'SHAUGHNESSY, and | ) | |
| RANDALL L. HENSLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-0947-DGK |
| | ) | |
| CYPRESS MEDIA, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DETERMINING AMOUNT OF SANCTIONS

This lawsuit arose from Plaintiffs' allegations that Defendant Cypress Media, L.L.C. ("Cypress"), unlawfully "double-billed" them for newspaper subscriptions to *The Kansas City Star*. Now pending is the Court's August 24, 2016, Order imposing monetary sanctions on Cypress for discovery violations, and the parties' briefing concerning the amount of the sanction (Docs. 164, 169, 172). For the following reasons, the Court holds the amount should be $21,152.98.

**Background**

Three weeks after the close of merits discovery in this case, and six days before filing its motion for summary judgment, Cypress disclosed seventy-five new documents to Plaintiffs. Cypress then used these documents to support its motion for summary judgment. Plaintiffs subsequently moved for sanctions (Doc. 138).

The Court granted the motion for sanctions in part, holding Cypress violated Federal Rules of Civil Procedure 26(a) and (e) by failing to disclose twenty-two of these documents—

various subscription invoice/renewal form templates[1]—earlier.  *O'Shaughnessy v. Cypress Media, L.L.C.*, No. 4:13-cv-0947-DGK, 2016 WL 4487886, at *5-6 (W.D. Mo. Aug. 24, 2016).  The Court also held Cypress violated Rule 37 because the late disclosure prejudiced Plaintiffs by needlessly increasing their litigation costs.  *Id.* at *8.  As a sanction, the Court ordered Cypress to pay the reasonable expenses, including attorneys' fees, caused by the violation.  *Id.*

### Discussion

Plaintiffs request a total of $81,267.75 in attorneys' fees, and they have submitted nine pages of billing records in support.  Their request seeks reimbursement for all time spent: addressing Cypress's Rule 26 initial disclosures; reviewing documents produced in discovery; litigating discovery disputes; engaging in class certification discovery; opposing Cypress's motion for summary judgment; and litigating the motion for sanctions.

Cypress responds that the Court should award a much lower amount, arguing an award of "$3,000 would reasonably approximate the additional fees Plaintiffs incurred and would be commensurate with the nature of the violation the Court identified."  Def.'s Suggestions in Opp'n 10 (Doc. 169).  Cypress argues Plaintiffs' request is disproportionate to "the relatively 'mild prejudice' the Court identified" in its order, and that most of the amount Plaintiffs seek to recover "had no causal connection to delayed production of the templates."  *Id.*  Cypress also contends Plaintiffs have failed to provide adequate information supporting their fee request.

---

[1] These templates are generic subscription invoice forms containing blanks that are filled in with subscriber-specific information, such as the subscriber's name, address, account summary, etc. The templates also contain some basic contract terms that apply to all customers.  Most importantly, they contain information relevant to Cypress's billing practices.  For example, they disclose that some editions are charged at a higher rate.  The templates were important to the litigation because they showed how this billing language changed over time.  In their motion for sanctions, Plaintiffs argued that the templates confirmed that Cypress used a single standard-form contract, and that in light of this new information, the Court should reconsider its decision denying class certification.  The Court ruled that the templates did not change its class certification decision, but Cypress nonetheless violated Rules 26(a) and 26(e) because it failed to disclose the templates in its initial disclosures and in its supplemental disclosures. *O'Shaughnessy v. Cypress Media, L.L.C.*, No. 4:13-cv-0947-DGK, 2016 WL 4487886, at *5-6 (W.D. Mo. Aug. 24, 2016).

2

## I. The reasonable expenses caused by the discovery violations total $21,152.98.

To begin, the Court clarifies that when it described the prejudiced suffered by Plaintiffs as "relatively mild," it did not mean that Cypress's discovery violation was trivial or merely a technical violation. *O'Shaughnessy*, 2016 WL 4487886, at *1. Rather, the Court found the violation did not justify the drastic relief sought by Plaintiff, such as revisiting the Court's class certification ruling or striking Cypress's summary judgment motion. *Id*. at 8. The appropriate sanction was a monetary sanction, a sanction which would make Plaintiffs whole without risking a miscarriage of justice by denying Cypress summary judgment on the merits. *Id*.

With that in mind, the Court rules as follows concerning the amount of this sanction.

### A. One-third of the time spent reviewing documents is compensable.

Plaintiffs seek $20,075 in fees for time reviewing documents before Cypress produced the templates.[2] Cypress argues this time should not be compensable because Plaintiffs would have spent this time reviewing these documents anyway, and that, "[i]n fact, Plaintiffs spent less time reviewing documents than they would have if the templates had been produced." Def.'s Suggestions in Opp'n 5.

This argument overlooks the Court's previous finding: Cypress's failure to disclose the templates earlier prejudiced Plaintiffs because the information in the templates was "extremely useful in understanding exactly how and when the customer invoice/renewal form language changed." *O'Shaughnessy*, 2016 WL 4487886, at *8. By not having this information earlier, Plaintiffs' counsel wasted time scrutinizing the documents Cypress did produce—such as individual subscription forms—for information that was easily learned from the templates. Granted, having the templates would not have eliminated entirely the need for Plaintiffs' counsel

---

[2] These fees are enumerated in Cypress's Exhibit A (Doc. 169-1). Plaintiffs do not dispute this calculation, or any other calculation made in Cypress Exhibits A-I (Docs. 169-1 through 169-9).

3

to review the documents Cypress did produce, but it would have enabled counsel to review them more efficiently. For example, if Cypress had produced the templates, counsel would have immediately learned how the subscription renewal language changed over time. But because they did not have the templates, they had to spend much more time reviewing individual subscription forms in an attempt to "reverse engineer" how the subscription renewal language changed over time, which was not an efficient process. Hence, Cypress's failure to produce the templates needlessly increased Plaintiffs' litigation costs by some amount.

After closely reviewing the billing statements and applying the Court's experience in reviewing fee applications, the Court estimates this failure resulted in Plaintiffs' counsel expending at least one-third more time on document review than they otherwise would have. Accordingly, the Court finds Plaintiffs should recover one-third of the time requested, or $6,691.67.

## B. Two-thirds of the time spent on the first discovery dispute teleconference is compensable.

Plaintiffs also request $4,634 for time spent on the parties' first discovery dispute teleconference,[3] which concerned whether discovery should be bifurcated into a class certification stage and a merits stage. Plaintiffs argued discovery should not be bifurcated, Cypress argued it should. The Court ruled discovery should be bifurcated (Doc. 26).

Cypress contends that this dispute did not directly involve the templates or related issues, and that Plaintiffs should not be given fees for a teleconference they initiated.

Plaintiffs respond that Cypress caused the discovery dispute by arguing that Plaintiffs' discovery requests, which included a request for any templates, went to the merits of the case, not class certification. Plaintiffs note that they tried to establish at the class certification stage

---

[3] These fees are enumerated in Cypress's Exhibit B (Doc. 169-2).

4

that Cypress used standard form agreements/form templates with its subscription customers, but Cypress vehemently denied this and withheld the templates. Had Cypress timely disclosed the templates, Plaintiffs would have saved money by narrowing the focus of their class certification discovery.

Each party is partially correct here. Although Plaintiffs lost the ultimate issue whether discovery should be bifurcated, the templates were responsive to Plaintiffs' discovery requests and to class certification issues, and Cypress should have disclosed them. Had Cypress done so, it would have streamlined the discovery process at this stage and minimized this dispute. Accordingly, Plaintiffs should recover two-thirds of their requested fees, or $3,089.02.

**C.      One-half of the fees related to the second discovery dispute are compensable.**

Plaintiffs also seek $3,009.75 for fees incurred litigating the second discovery dispute,[4] which primarily concerned Cypress's slow discovery responses. Cypress contends that although "some early discussions that ultimately led to the second discovery dispute may have touched on the templates," this discovery dispute had no connection to the templates or to the discovery requests covering them. Def.'s Suggestions in Opp'n 5.

Plaintiffs respond that had the templates been timely disclosed, the second discovery dispute would have never happened.

Again, each party is partially correct. While the discovery dispute primarily concerned Cypress's tardy responses, the controversies underlying this dispute would have been avoided or resolved more quickly had Cypress not violated the rules of discovery. Therefore, Plaintiffs should receive one-half of the fees sought, or $1,504.88.

---

[4] These fees are enumerated in Cypress's Exhibit C (Doc. 169-3).

### D. No fees related to the third discovery dispute are compensable.

Plaintiffs seek $8,255.75 in fees related to the parties' third discovery dispute,[5] which concerned issues unrelated to the templates, such as the discoverability of individual putative class members' identifying information. The Court sustained most of Cypress's objections.

The Court finds Plaintiffs have not offered any plausible basis to categorize these fees as expenses caused by the discovery violations, and so Plaintiffs are not entitled to recover for them.

### E. Plaintiffs have not demonstrated that fees for items identified in Exhibit E are related to Cypress's failure to produce the templates.

Cypress also objects to $1,601.25 in fees for reviewing, writing, or discussing various emails,[6] arguing Plaintiffs have not shown they are related in any way to the nonproduction of the templates.

In response, Plaintiffs make a conclusory assertion that the emails were related to the templates, they but do not explain how or why.

The Court cannot tell from the record whether these emails have anything to do with nonproduction of the templates, nor have Plaintiffs provided any basis to infer that any of these emails were caused by Cypress's failure to produce the templates. Accordingly, Plaintiffs have not established they incurred these fees as a result of the discovery violation, and this request is denied.

---

[5] These fees are enumerated in Cypress's Exhibit D (Doc. 169-4).

[6] These fees are enumerated in Cypress's Exhibit E (Doc. 169-5).

### F. Plaintiffs have not demonstrated that the fees identified in Exhibit F are compensable.

Plaintiffs request an additional $10,247.50[7] for fees related to other discovery that occurred prior to Cypress's producing the templates. Cypress argues Plaintiffs have not shown, or provided information from which the Court can determine, that Plaintiffs would not have incurred these costs if Cypress had provided the templates.

Plaintiffs respond, "The reply to this nonsensical argument is the same as in section E." Reply Br. 7 (Doc. 172).

The Court finds that neither the billing entries nor Plaintiffs' response establishes how these bills are related to the templates, or how these fees could have been avoided if the templates were produced earlier. Plaintiffs' request for fees related to these items is denied.

### G. Time spent responding to the summary judgment motion is not compensable.

Plaintiffs also seek $15,256.25 in fees incurred responding to Cypress's summary judgment motion.[8] They argue that had the templates been timely disclosed they would not have had to "needlessly expend substantial time and effort toward addressing Defendant's denials, misstatements, evasive conduct, and Rule 26(a), Rule 26(e), and Rule 37 violations in response to the summary judgment motions." *Id.*

This argument conflates litigating the motion for sanctions with responding to the summary judgment motion. Plaintiffs incurred the former because Cypress violated the rules of discovery; Plaintiffs incurred the latter because Cypress had good grounds to move for summary judgment. Further, Plaintiffs have not demonstrated they incurred any additional costs responding to the summary judgment motion as a result of the late disclosures. Accordingly, this request is denied.

---

[7] These fees are enumerated in Cypress's Exhibit F (Doc. 169-6).

[8] These fees are enumerated in Cypress's Exhibit G (Doc. 169-7).

7

### H. One-half of the fees incurred pursuing class certification discovery that is arguably related to the templates is compensable.

Plaintiffs request $7,155 for time spent working on class certification discovery,[9] including Plaintiffs' Request For Production numbers 16 and 18 and Interrogatory 21 which covered the templates. Cypress concedes that fees for some of this time is compensable under the sanctions order, but argues Plaintiffs request is overbroad because it also covers twenty-eight other document requests and twenty-four other interrogatories.

The Court finds that Cypress's failure to disclose the templates caused Plaintiffs to pursue extensive written discovery at the class certification stage. The Court finds fifty percent of this time can be attributed to Cypress's violations, so Plaintiffs should receive one-half of the amount sought, or $3,577.50.

### I. All fees incurred litigating the motion to strike are reasonable and compensable.

Cypress also objects to Plaintiffs' request for $10,933.25 in fees incurred litigating the motion for sanctions.[10] Cypress complains that the motion "needlessly increased Plaintiffs' fees," was "unnecessarily time-consuming and dealt primarily with other issues," and was "largely unsuccessful." Def.'s Suggestions in Opp'n 8. Cypress suggests the Court award no more than ten percent of the amount sought.

Although the motion was not completely successful and did deal with other issues, in the context of this case, $11,000 is not an unreasonable amount to charge for successfully litigating a Rule 37 motion for sanctions. Accordingly, Plaintiffs are entitled to recover the full amount for these fees.

### J. The Court reduces the total award by eighteen percent to account for inflation caused by Plaintiffs' counsel billing in quarter-hour increments.

---

[9] These fees are enumerated in Cypress's Exhibit H (Doc. 169-8).

[10] These fees are enumerated in Cypress's Exhibit I (Doc. 169-9).

Finally, the Court partially grants Cypress's request to reduce the fee awarded to account for Plaintiffs' counsel billing time in quarter-hour increments.

Plaintiffs' counsel do not dispute that billing in quarter-hour increments inflates the amount of time worked. *See, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) (upholding twenty percent fee reduction for billing in quarter-hour increments). Instead, Plaintiffs claim they billed in six minute increments.

The billing records show twenty-three instances in which counsel billed time in quarter-hour increments, and only three instances in which they billed in six minute increments.[11] Thus, Plaintiffs' counsel billed the vast majority of their time in quarter-hour increments. To adjust for the resulting inflation, the Court reduces the total award by eighteen percent.

## Conclusion

For the reasons discussed above, the Court finds the reasonable expenses, including attorneys' fees, caused by the Cypress's discovery violations total $25,796.32. After reducing this amount by eighteen percent to adjust for time inflation caused by Plaintiffs' counsel billing in quarter-hour increments, the Court sanction imposed is $21,152.98. Cypress shall pay Plaintiffs' counsel this amount on or before November 7, 2016.

**IT IS SO ORDERED.**

Date:  October 17, 2016      /s/ Greg Kays
                             GREG KAYS, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT

---

[11] The Court included in its quarter-hour count only those instances where the amount of time billed ended in ".25" or ".75" hours, meaning fifteen minutes and forty-five minutes, respectively. Obviously, if an attorney is billing in six minute increments, he cannot bill for fifteen or forty-five minutes of time. If the Court included in its quarter-hour count instances where the billing records ended in ".50" or ".00" hours, then almost all of counsels' time would have been billed in quarter-hour increments.